**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| KURT ECKARDT and SHANA ECKARDT, | Civil No. 15-3027 (JRT/LIB) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

Kurt Eckardt and Shana Eckardt, *pro se*.

Ellen B. Silverman and Ashley M. DeMinck, **HINSHAW & CULBERTSON, LLP**, 333 South Seventh Street, Suite 2000, Minneapolis, MN 55402, for defendant.

Plaintiffs Kurt and Shana Eckardt filed this action in state court on July 6, 2015, and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed on July 10. The Eckardts's complaint alleges that they requested and received a home loan modification from Wells Fargo, but Wells Fargo nonetheless foreclosed on the home. Matthew H. Jones represented the Eckardts in filing their complaint.

On August 28, Wells Fargo filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). In their brief supporting their motion, Wells Fargo made a series of arguments as to why all seven of the Eckardts' claims must fail: Wells Fargo provided sufficient foreclosure notice to the Eckardts; the Eckardts and

Wells Fargo never contractually modified the original mortgage; Wells Fargo never made a promise, and even if it did, Minnesota law bars enforcement of unwritten "credit agreements"; and claims under Minn. Stat. § 58.13 are preempted by federal law, and are not appropriate here anyhow because a loan modification is not a loan and the Eckardts did not bring their claims under Minnesota's Private Attorney General statute. (Def.'s Mem. of Law in Supp. of Mot. for J. on the Pleadings, Aug. 28, 2015, Docket No. 7.)

The Eckardts' memorandum of law in opposition to Wells Fargo's motion was due on September 18, twenty-one days after Wells Fargo's filing. But no opposition memorandum was ever filed. On September 29, Wells Fargo filed a "reply" brief reiterating its arguments.

On November 19, the Minnesota Supreme Court suspended the Eckardts' attorney, Matthew H. Jones, and he was automatically suspended from practice before this Court on December 1. *In re Disciplinary Action Against Jones*, 871 N.W.2d 568 (Minn. 2015) (suspending Jones in state court); *In re Disciplinary Action Against Jones*, No. 15-mc-92 (D. Minn. Dec. 1, 2015) (suspending Jones in federal court). The Eckardts have made no filings with the Court since Jones's suspension.

"It is well established that a party concedes an issue by failing to address it in an opposing brief." *Am. Registry of Radiologic Technologists v. Bennett*, 655 F. Supp. 2d 944, 946 n.2 (D. Minn. 2009) (citing *Clifton Power Corp. v. FERC*, 88 F.3d 1258, 1267 (D.C. Cir. 1996) and collecting cases). Here, because the Eckardts did not file an opposition brief, the Court must grant Wells Fargo's motion and dismiss the Eckardts' claims. However, the Court will dismiss the Eckardts' claims **without prejudice**,

meaning the Eckardts may retain new counsel, if they desire, and re-file their complaint if they believe their claims to be meritorious.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Wells Fargo's Motion for Judgment on the Pleadings [Docket No. 5] is **GRANTED** and the Eckardts' Complaint [Docket No. 1] is **DISMISSED without prejudice**.

Due to plaintiffs' counsel being suspended to practice before this Court as of December 3, 2015, the Clerk of Court is **DIRECTED** to mail a copy of this order to the plaintiffs at 32663 County RD 112 , Pequot Lakes, MN 56472.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   March 29, 2016
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
Chief Judge
United States District Court